SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
BROOKE S. PURCELL, Cal Bar No. 260058
KEAHN N. MORRIS, Cal. Bar No. 273013
RACHEL J. MOROSKI, Cal Bar No. 286805
SHAYLA M. GRIFFIN, Cal Bar No. 339821
ALEXIS S. CHERRY, Cal Bar No. 359060
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
Email: bpurcell@sheppardmullin.com
kmorris@sheppardmullin.com
rmoroski@sheppardmullin.com
smgriffin@sheppardmullin.com
acherry@sheppardmullin.com

Attorneys for Defendant
LAWRENCE LIVERMORE NATIONAL SECURITY, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX W. SMITH, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act ("PAGA"),<br><br>Plaintiff,<br><br>v.<br><br>NORTH WIND SERVICES, LLC, an Alaska limited Liability company; LAWRENCE LIVERMORE NATIONAL SECURITY, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. ________________<br><br>*[Removed from Alameda County Superior Court Case No. 25CV129288]*<br><br>**DEFENDANT LAWRENCE LIVERMORE NATIONAL SECURITY, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441**<br><br>Complaint Filed: July 1, 2025<br>Trial Date: None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant Lawrence Livermore National Security, LLC ("Defendant" or "Lawrence Livermore") hereby removes the action *Alex W. Smith, et al. v. North Wind Services, LLC; Lawrence Livermore National Security, LLC; and Does 1 through 10*, pending in the Superior Court of California, County of Alameda, Case No. 25CV129288, to the United States District Court for the Northern District of California. The removal is based on the existence of a federal question, as Alex W. Smith's ("Plaintiff") claims, such as his overtime and meal period claims, involve rights that exist solely as a result of a collective bargaining agreement ("CBA"). Thus, his claims are preempted under Section 301 of the Labor Management Relations Act ("Section 301"). 29 U.S.C. § 185; *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019); 29 U.S.C. § 185. Alternatively, Plaintiff's claims substantially depend on the interpretation of the applicable CBA and the Court has subject matter jurisdiction to determine which employees are "aggrieved employees" for purposes of Plaintiff's claims under the Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2699, *et seq.*

This Court has original jurisdiction over the action pursuant to its federal question jurisdiction for the following reasons:

## I. CLAIMS AND PROCEDURAL HISTORY

1. On July 1, 2025, Plaintiff filed a representative action complaint in Alameda County Superior Court, Case No. 25CV129288 (the "Complaint") against North Wind Services, LLC ("NWS") and Lawrence Livermore (collectively "Defendants"). In the Complaint, Plaintiff alleges claims on behalf of himself and all past and present non-exempt, hourly-paid employees of Defendants ("Aggrieved Employees") for civil penalties under PAGA.

2. On August 26, 2025, Lawrence Livermore filed its Answer to Plaintiff's Complaint. Lawrence Livermore has not filed any other pleadings or papers in this action. On September 16, 2025, NWS filed an Answer to Plaintiff's Complaint.[1]

[1] Lawrence Livermore is informed that NWS intends to file a notice of removal of this action on September 17, 2025. Lawrence Livermore consents to removal by NWS.

3. **Exhibits 1-7** contain copies of all process, pleadings, and orders served on Lawrence Livermore in the state court action in accordance with 28 U.S.C. 1446(a). A copy of Plaintiff's Complaint is attached as **Exhibit 1.** Copies of a Civil Cover Sheet, Summons. Notice of Case Assignment, and Notice of Case Management Conference, are attached as **Exhibits 2-5.** A copy of Lawrence Livermore's Answer to Plaintiff's Complaint is attached as **Exhibit 6**. A copy of NWS' Answer to Plaintiff's Complaint is attached as **Exhibit 7.**

4. Plaintiff did not expressly enumerate any claim under federal law or make any mention that the adjudication of his claims relies on an interpretation of the CBAs. However, the group of employees Plaintiff brings this action on behalf of members of the Security Police Officers Association ("SPOA") and the University Professional and Technical Employees, Communications Workers of America Local 9119, AFL-CIO ("UPTE-CWA") (collectively the "Unions") and those employees work in positions covered by a valid CBA.[2] Plaintiff cannot avoid preemption by failing to expressly allege that he seeks to represent Lawrence Livermore's unionized employees.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391 and 1446. This district and division embraces the County of Alameda where the action is pending in the Superior Court of California, County of Alameda. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## IV. FEDERAL QUESTION JURISDICTION BASED ON 301 PREEMPTION

6. This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a) and (c) because it is a civil action that presents a federal question.

7. Federal question jurisdiction arises out of the fact that adjudication of Plaintiff's claims involves a right that exists solely as a result of a CBA and/or substantially depends on an interpretation of a CBA. Thus, the claims are completely preempted by federal law under the LMRA. 29 U.S.C. § 185. Section 301 of the LMRA provides that: "[s]uits for violation of contracts

[2] At minimum, two CBAs apply to the Aggrieved Employees Plaintiff seeks to represent: one covering negotiations between the SPOA and Lawrence Livermore, and another covering negotiations between the UPTE-CWA and Lawrence Livermore.

between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regarding to the citizenship of the parties." 29 U.S.C. § 185; *see also Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). To ensure uniform interpretations of CBAs, federal common law preempts the use of state law in CBA interpretation and enforcement. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988).

8. Further, all state law claims raised by an employee that require interpretation of a CBA must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 of the LMRA is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

9. Courts hold that Section 301 preempts California state law claims that derive from or are substantially dependent upon interpretation of a CBA. *Curtis*, 913 F.3d at 1149-1150; *Firestone*, 219 F.3d at 1066–67; *Buck v. Cemex, Inc.*, 2013 U.S. Dist. LEXIS 124111, *1, 17 (E.D. Cal. Aug. 29, 2013). This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. *See Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA").

10. The Ninth Circuit and courts in this District have found that PAGA claims brought pursuant to Labor Code Section 510 are completely preempted by Section 301. *Curtis*, 913 F.3d at 1150, fn. 3; *see also Shwiyhat v. Martin Marietta Materials, Inc.*, No. 3:23-CV-00283-JSC, 2023 WL 6626129 (N.D. Cal. Oct. 10, 2023) (collecting cases).

**A. Plaintiff's Claims Implicate a CBA**

**i. Overview of CBA Coverage**

11. Plaintiff was employed by NWS as a non-exempt Field Technologist from approximately January 2024 to October 2024. Complaint ¶ 12. Through his Complaint, Plaintiff seeks unpaid wages, penalties, and other relief on behalf of himself and all other non-exempt employees employed by both NWS and Lawrence Livermore during the representative period—including employees subject to CBAs between Lawrence Livermore and the Unions. Complaint, passim. Although Lawrence Livermore disputes that Plaintiff was ever an employee of Lawrence Livermore, the Aggrieved Employees he seeks to represent include Lawrence Livermore employees.

12. Lawrence Livermore is a private limited liability company formed to manage and operate Lawrence Livermore National Laboratory, a premier U.S. national security laboratory. Lawrence Livermore provides management and oversight for scientific research, technology development, and national security missions on behalf of the U.S. Department of Energy and the National Nuclear Security Administration. A portion of Lawrence Livermore's employees are subject to CBAs between Lawrence Livermore and the Unions.

13. Lawrence Livermore is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

14. The Security Police Officers Association ("SPOA") is a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

15. Article 1 of the SPOA CBA specifically states that the Union is the exclusive representative for all Security Police Officers (655.1) employed by Lawrence Livermore. Members of the SPOA are non-exempt, hourly workers employed in California, and therefore within the Aggrieved Employees alleged by Plaintiff. The SPOA CBA governs the wages, hours of work, and working conditions of those SPOA employees, and provides for premium wage rates for all overtime hours worked and a regular rate of pay for those employees of not less than 30 percent more than the California state minimum wage. A copy of relevant excerpts of the SPOA CBA is attached to this Notice of Removal as **Exhibit 8.**

16. The University Professional and Technical Employees, Communications Workers of America Local 9119, AFL-CIO ("UPTE-CWA") is a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

17. Article 1 of the UPTE-CWA CBA specifically states that the Union is the exclusive representative for all air conditioning mechanics, locksmiths, boiler and pressure systems mechanics, carpenters, electricians, heavy equipment mechanics, laborers, maintenance mechanics, painters, plumbers/fitters, riggers, sheetmetal workers, trades helpers and welders employed by Lawrence Livermore. Members of the UPTE-CWA are non-exempt, hourly workers employed in California, and therefore within the Aggrieved Employees alleged by Plaintiff. The UPTE-CWA CBA governs the wages, hours of work, and working conditions of those UPTE-CWA employees, and provides for meal periods for those employees, final and binding arbitration of disputes (including disputes concerning application of the UPTE-CWA CBA's meal period provisions), premium wage rates for all overtime hours worked, and a regular rate of pay for those employees of not less than 30 percent more than the California state minimum wage rate. A copy of relevant excerpts of the UPTE-CWA CBA is attached to this Notice of Removal as **Exhibit 9.**

**ii. Plaintiff's Non-Union Status Does Not Defeat Removal Jurisdiction**

18. Although Plaintiff is not covered by a CBA, and only a portion of Lawrence Livermore's employees are unionized, his claims—as pleaded on behalf of himself and *all past and present non-exempt, hourly-paid employees of Defendants*—are still preempted under Section 301 of the LMRA. Complaint ¶ 2.

19. Courts have found that Section 301 preemption applies regardless of whether the named plaintiff is a party to the applicable CBA and where only some employees are unionized. *See Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. CV 21-09959-MWF (AGR), 2022 WL 707206, at *4 (C.D. Cal. Mar. 8, 2022) (denying the plaintiff's motion to remand and holding that, "[w]here, as here, a plaintiff files suit on behalf of employees covered by a qualifying CBA, her own lack of CBA coverage is not a defense to preemption under *Curtis*."); *Rodriguez v. USF Reddaway Inc.*, No. 2:22-CV-00210-TLN-DB, 2022 WL 18012518, at *4 (E.D. Cal. Dec. 30, 2022) (denying the plaintiff's motion to remand pursuant to LMRA preemption because, even though the

plaintiff's own hourly rate did not satisfy CBA requirements, claims were brought for aggrieved employees subject to the CBA); *Shwiyhat*, 2023 WL 6626129, at *4-5 (holding that "[p]laintiff's non-union status does not defeat removal jurisdiction" when the PAGA claims are brought on behalf of unionized employees).

20. Accordingly, even though Plaintiff himself was not subject to the CBAs, his representative claims on behalf of the Aggrieved Employees remain preempted under Section 301, making federal jurisdiction appropriate.

**B. Plaintiff's Claims Are Preempted by the LMRA Because They Derive From the CBAs and/or Require Substantial Interpretation of Various Provisions of the CBAs**

**i. Plaintiff's Failure to Identify Section 301 of the LMRA in His Complaint Does Not Preclude Removal**

21. The Complaint fails to mention that Plaintiff seeks to represent unionized employees. However, a plaintiff may not be permitted to "artfully plead" his complaint to conceal federal jurisdiction over claims impacting unionized employees. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (plaintiff's state law claim was preempted even though the operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009). Thus, the fact that Plaintiff did not specifically acknowledge the applicable CBAs or Section 301 in his Complaint does not preclude removal. *See Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Financial Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

22. An artfully pleaded state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which here provides that the preemptive force of Section 301 of the LMRA "converts an ordinary state law complaint into one stating a federal claim for

purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

**ii. Plaintiff's Claims Are "Inextricably Intertwined" with the Terms of the CBAs**

23. Plaintiff's artfully pleaded claims cannot be resolved by state law alone. Plaintiff brings this action against Defendants for civil penalties under PAGA stemming from Defendants' failure to (1) pay minimum wages, (2) pay overtime wages, (3) provide meal periods, (4) authorize and permit rest periods, (5) maintain accurate records of hours worked and meal periods, (6) timely pay all wages to terminated employees, (7) indemnify necessary business expenses, (8) pay all earned wages twice per month, and (9) furnish accurate wage statements. Plaintiff alleges these violations on behalf of himself and all past and present non-exempt, hourly-paid employees of Defendants, including those subject to CBAs between Lawrence Livermore and the Unions. Thus, Plaintiff's claims cannot be adjudicated without interpretation of numerous CBA provisions that govern the employment of Lawrence Livermore's unionized employees. That interpretation must be guided by federal law.

24. The applicable CBAs contain language governing time worked, wages, and overtime. The CBAs also provide for a grievance process and require binding arbitration to resolve any disputes arising under the applicable CBA.

25. Plaintiff's overtime claim is completely preempted by Section 301. As explained by the Ninth Circuit Court of Appeals in *Curtis*, Plaintiff's "claim for overtime pay is preempted under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, because California overtime law does not apply to an employee working under a qualifying collective bargaining agreement, Cal. Lab. Code § 514, and [Plaintiff] worked under such an agreement." *Curtis*, 913 F.3d at 1149-1150. As made clear in *Curtis*, "[b]ecause [Plaintiff's] right to overtime exists solely as a result of the CBA, [his] claim that [Defendant] violated overtime requirements . . . is preempted

under § 301." *Id.* at 1155 (internal citation omitted for clarity). Plaintiff seeks to represent non-exempt employees covered by two qualifying CBAs between Lawrence Livermore and the Unions: (1) the SPOA CBA, which covers security officers, and (2) the UPTE-CWA CBA, which covers skilled trade employees. Thus, because the rights of these non-exempt unionized employees to overtime compensation exist solely because of the governing CBAs, Plaintiff's claims that Lawrence Livermore violated overtime requirements are preempted under Section 301. *Id.* *Radford v. Nexstar Broadcasting, Inc.*, No. 25-CV-00389-RFL, 2025 WL 829609 (N.D. Cal. March 14, 2025) is also on point. There, the court found that a plaintiff's PAGA claim was preempted because some alleged aggrieved employees were covered by a valid CBA that satisfied Cal. Lab. Code § 514. *Id.* at *1.

26. The fact that Plaintiff himself was not subject to a CBA is not a barrier to preemption, because he seeks to represent "[a]ll past and present non-exempt, hourly-paid employees of Defendants in California during the applicable statute of limitations period," some of whom are covered by a CBA. *See Rodriguez*, 2022 WL 18012518, at *4 ("The Ninth Circuit held that if an employee's CBA 'meet[s] the requirements of [California Labor Code §] 514, [the employee's] right to overtime "exists solely as a result of the CBA," and therefore is preempted under § 301.'") (quoting *Curtis*, 913 F.3d at 1154); *Shwiyhat*, 2023 WL 6626129, at *4 (holding that a non-union employee's overtime claims were preempted because some of the aggrieved employees were covered by a valid CBA under Cal. Lab. Code § 514, and the court had subject matter jurisdiction to determine which employees were "aggrieved employees" for purposes of Plaintiff's PAGA claims).

27. Similarly, Plaintiff's meal period claim is completely preempted by Section 301. As set forth in California Labor Code section 512, California's statutory meal period obligations do not apply to an employee who worked under a qualifying CBA in a "construction occupation," including "work involving alteration, demolition, building, excavation, renovation, remodeling, maintenance, improvement, and repair, and any other similar or related occupation or trade." Cal. Lab. Code §§ 512(f)-(g). Plaintiff seeks to represent non-exempt employees subject to the UPTE-CWA CBA, which covers skilled trade employees in construction occupations. The meal period rights of these

non-exempt employees in construction occupations flow solely from the qualifying CBA that governed their employment. The meal period claim is, therefore, preempted by Section 301.

28. Pursuant to California Labor Code sections 512(e)-(g) and 514, *Curtis*, and Section 301, Plaintiff's overtime and meal period claims are governed by the CBAs in effect during the proposed representative period. Thus, Section 301, a federal law, applies and the claims are preempted by federal law. Plaintiff's derivative claims are similarly preempted by federal law. Removal to federal court is necessary.

## V. SUPPLEMENTAL JURISDICTION

29. The Court has supplemental jurisdiction over any of Plaintiff's remaining state law claims to the extent any of his claims are not completely preempted by Section 301 of the LMRA or are not so inextricably intertwined with or dependent on an interpretation of the CBAs, because those claims relate to and emanate from the same employment relationship between Plaintiff and Lawrence Livermore that is the subject of the federal question claims. Each of the pleaded claims thus emanate from and form part of the same "case or controversy," such that they should all be tried in one action. *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint. *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994). Accordingly, by virtue of 28 U.S.C. § 1441, Lawrence Livermore is entitled to remove all of Plaintiff's claims to this Court.

## VI. NOTICE TO PLAINTIFF AND STATE COURT

30. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Alameda, as required by 28 U.S.C. § 1446(d).

31. **WHEREFORE**, having provided notice as required by law, the above-entitled action should be removed from the Superior Court of California, County of Alameda, to this Court and Lawrence Livermore prays that it be so removed.

Dated: September 17, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Brooke S. Purcell*

BROOKE S. PURCELL
KEAHN N. MORRIS
RACHEL J. MOROSKI
SHAYLA M. GRIFFIN
ALEXIS S. CHERRY

Attorneys for Defendant
LAWRENCE LIVERMORE NATIONAL SECURITY, LLC